UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERRY Weigand**                                                              **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 1:07CV374 LTS-RHW**

**STATE FARM FIRE INSURANCE COMPANIES,**
**STATE FARM FIRE AND CASUALTY COMPANY,**
**and E. G. WARREN, INDIVIDUALLY**                                 **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiff Jerry Weigand's (Weigand) motion [16] to remand. The Court also has before it the motion [26] of Defendant E. G. Warren (Warren) to dismiss the plaintiff's complaint against him. For the reasons set out below, the motion to dismiss will be granted, and the motion to remand will be denied.

Weigand is the named insured under two State Farm Fire and Casualty Company (State Farm) policies. The first is a Rental Dwelling Policy number 99-CT-2887-1 covering property described as 627A and 627B Hardy Street, Gulfport, Mississippi. This policy provides coverage of $98,560 (Dwelling), $9,856 (Dwelling Extension), $4,928 (Personal Property), and loss of rents for each of the two properties. This first policy excludes both wind damage and flood damage. The second policy is a State Farm "Renters Policy" number 24-CV-6585-0 covering residential premises designated 627B Hardy Street, Gulfport, Mississippi. This second policy provides personal property coverage of $15,000, coverage for loss of use, and $100,000 in personal liability coverage. This second policy also excludes both wind damage and flood damage. Weigand is also the named insured under a separate policy issued by Audubon Insurance Group (Audubon) through the Mississippi Windstorm Underwriting Association (the Wind Pool). The Audubon policy is not at issue in this action.

Weigand has alleged that Warren sold the two State Farm policies covering the Hardy Street property, and Warren admits that this is the case. Weigand does not allege that Warren made any misrepresentation to him concerning the particulars of coverage under the terms of these policies. Weigand does allege that these policies do not provide the coverage he was seeking, and Weigand asserts that Warren wrongfully advised him "that his policy would cover anything that could happen by way of a hurricane. Weigand acknowledges that he was told his State Farm policies would not cover wind damage (Plaintiff's response to Request for Admissions #14), and Weigand is not making a claim for flood damage to the Hardy Street properties (Plaintiff's response to Interrogatory #1). Weigand also acknowledges that he received the State Farm booklets describing the policies he purchased. (Plaintiff's response to Request for Admissions #11)

      Based on the allegations on the face of the state court complaint, Weigand has not stated a cause of action against Warren.  Weigand has made no substantive allegation of misconduct by Warren, and Weigand has not alleged that Warren made any representation that was inconsistent with the language of the policies at issue.  In light of the lack of substantive allegations of misconduct by Warren, I find that there is no reasonable probability that Weigand will be able to prove a right of recovery against Warren.

      Accordingly, I will grant Warren's motion [26] to dismiss, and I will deny the plaintiff's motion [16] to remand.  An appropriate order will be entered.

      **DECIDED** this 3rd day of March, 2008.

                                              s/ <u>L. T. Senter, Jr.</u>
                                              L. T. SENTER, JR.
                                              SENIOR JUDGE